E-FILED
Friday, 23 May, 2008  02:26:34 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION**

| | |
|---|---|
| **BRIAN GILLESPIE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 06-2120 |
| ) | |
| **JAMES G. COX, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

**OPINION**

     This matter is before the court on an appeal of the decision of the Magistrate Judge. This appeal is the culmination of the denial of three motions to compel and one motion for reconsideration before Magistrate Judge Bernthal. In the instant appeal, Plaintiff again seeks an order from this court compelling Defendants to provide the names, addresses, and telephone numbers of medical providers who treated Plaintiff while incarcerated at the Logan Correctional Center.

     In his Order (#101) denying Plaintiff's Third Motion to Compel, the Magistrate Judge indicated that Defendants had informed Plaintiff that his medical care while incarcerated had been provided by Wexford Health Services, Inc. The Order further indicates that Plaintiff had received medical records, but that names of those providing treatment on the records were difficult to read. While Plaintiff requested a list of names and addresses for these service providers from Wexford, Wexford declined to provide them. However, because there was nothing in the record to indicate Plaintiff had subpoenaed Wexford to obtain this information, the Magistrate Judge ruled that Plaintiff should not be permitted to shift the burden to Defendants to obtain the information rather than subpoenaing Wexford.

     Plaintiff filed a Motion for Reconsideration (#105) which was denied by the Magistrate

Judge by Order (#114) entered April 14, 2008.  The Magistrate Judge responded to Plaintiff's argument that any subpoena sought to be served upon Wexford would be outside of the subpoena powers of this court by informing Plaintiff he could have a subpoena issued in the district in which Wexford's corporate offices are located.  The Magistrate Judge further indicated that Plaintiff could subpoena the medical director of the Logan Correctional Center for this information because that individual would likely be subject to this court's subpoena power.

On May 7, 2008, Plaintiff filed the instant appeal (#118).  In the appeal, Plaintiff argues that it is the state of Illinois and the Illinois Attorney General's office that can facilitate the disclosure of the medical providers because the Illinois Attorney General's office represents Defendants James Cox and Phillip Rose.  In their Response (#120), Defendants argue Plaintiff is attempting to require Defendants undertake his own investigation.  Defendants further argue they are in no better position to obtain the requested information because Defendants Cox and Rose are no longer employees of the Illinois Department of Corrections, nor do they have personal knowledge regarding the content of Plaintiff's medical records.  Furthermore, Defendants point out that the medical providers are not employees of the Illinois Department of Corrections but are employees of Wexford, a private medical vendor.

Under Federal Rule of Civil Procedure 34, "[a] party may serve on any other party" a request to produce items which are "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1).  "The burden of showing that a party is in control of requested documents falls upon the party which brings the motion to compel." Technological Concepts, L.P., v. Continental Mfg. Co., 1994 WL 262119 at *1 (N.D. Ill. 1994).  While it is apparent that Wexford has a business relationship with the Illinois Department of Corrections, it is not clear that Defendants have a legal

right to the information requested by Plaintiff. Thus, this court concludes Plaintiff has failed to meet his burden of demonstrating Defendants are in control of the requested information. Furthermore, this court agrees with Magistrate Judge Bernthal that Plaintiff has other discovery means available to obtain this information.

Accordingly, the decision of Magistrate Judge Bernthal denying reconsideration of his denial of Plaintiff's Third Motion to Compel is AFFIRMED.

ENTERED this 23rd day of May, 2008

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE